# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

*Sylvia Varga v. American Airlines Federal Credit Union,*

**United States District Court for the Central District of California**

**Case No. 2:20-cv-04380-DSF-KS**

## PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiff Sylvia Varga ("Named Plaintiff") and all those on whose behalf she is prosecuting this action (each of them a "Plaintiff" and all of them "Plaintiffs"), on the one hand, and defendant American Airlines Federal Credit Union ("Defendant"), on the other hand, as of the date executed below. All references in this Agreement to a "party" or the "parties" shall refer to a party or the parties to this Agreement.

## RECITALS

A.      On May 14, 2020, Plaintiff filed a putative class action Complaint in the United States District Court for the Central District of California, entitled *Sylvia Varga v. American Airlines Federal Credit Union*. Plaintiff asserted six claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment/restitution; (4) money had and received; (5) violation of the Electronic Fund Transfers Act; and (6) violation of California's Unfair Competition Law, Cal. Bus.& Prof. Code §17200, *et seq*.

B.      On August 4, 2020, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

C.      On August 25, 2020, Plaintiff filed the First Amended Complaint. Plaintiff asserted four claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) money had and received; and (4) violation of California's Unfair Competition Law, Cal. Bus.& Prof. Code §17200, *et seq*. These claims were based on the theories that Defendant allegedly improperly assesses APPSN Fees and Retry NSF Fees.

D.      On September 8, 2020, Defendant filed a Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

E.      On November 18, 2020, Plaintiff filed the Amended First Amended Complaint, attaching the referenced exhibits, pursuant to the Court's November 13, 2020, Order.

F.      On December 1, 2020, the Court granted in part and denied in part Defendant's Motion to Dismiss the First Amended Complaint. The Court dismissed Plaintiff's claim for violation of California's Unfair Competition Law, Cal. Bus.& Prof. Code §17200, *et seq*.

G.      On January 22, 2021, Defendant filed its Answer to the Amended First Amended Complaint.

H.      The parties participated in private mediation sessions before the Honorable Edward A. Infante, Ret. on March 8, 2021 and March 18, 2021. Although the parties did not settle at either mediation session, the second mediation session resulted in a mediator's proposal. This Agreement is based on the parties' acceptance of the mediator's proposal.

I.      Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Amended First Amended Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business

operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Amended First Amended Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Amended First Amended Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

J.  Named Plaintiff has entered into this Agreement to liquidate and recover on the claims asserted in the Amended First Amended Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Named Plaintiff does not in any way concede the claims alleged in the Amended First Amended Complaint lack merit or are subject to any defenses.

<u>**AGREEMENT**</u>

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the parties agree as follows:

1.  **DEFINITIONS.** In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

(a)  "APPSN Fee(s)" shall mean the fee(s) that Defendant charges on certain Point of Sale debit card transactions where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance at the time the transaction was presented to Defendant for payment and posted to a member's account.

(b)  "APPSN Fee Class" shall mean those members of Defendant who were charged APPSN Fees between May 14, 2016 and October 8, 2020.

(c)  "Bar Date to Object" shall be the date set by the Court as the deadline for Class Members to file an Objection, and shall be approximately fifteen (15) days after the filing of the Motion for Final Approval.

(d)  "Bar Date to Opt Out" shall be the date set by the Court as the deadline for Class Members to opt out. The Bar Date to Opt Out shall be thirty (30) days after the date the Notice (defined below) must be delivered to the Class Members.

(e)  "Claims Administrator" shall mean the entity that will provide the notice and other administrative handling this Settlement Agreement. Class Counsel shall request bids from at least two separate claims administrators and the one providing the lowest bid shall be selected.

(f)  "Class Counsel" shall mean Jeffrey Kaliel and Sophia Gold of Kaliel PLLC, Taras Kick and Jeffrey Bils of The Kick Law Firm, APC, and Kevin Roddy of Wilentz, Goldman & Spitzer P.A.

(g)    "Class Member" shall mean any member of Defendant who is in either the APPSN Fee Class or the Retry NSF Fee Class.

(h)    "Amended First Amended Complaint" shall mean the Amended First Amended Complaint filed in this case on November 18, 2020.

(i)    "Court" shall mean the United States District Court for the Central District of California.

(j)    "Defendant's Counsel" shall mean Stuart M. Richter, Andrew J. Demko, and Camille A. Brooks of Katten Muchin Rosenman LLP.

(k)    "Effective Date" shall be thirty (30) days after the entry of the Final Approval Order (defined below) provided no objections are made to this Agreement. If there are objections to the Agreement, then the Effective Date shall be the later of: (1) thirty (30) days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (2) if appeals are taken from the Final Approval Order, then thirty (30) days after an Appellate Court ruling affirming the Final Approval Order; or (3) thirty (30) days after entry of a dismissal of the appeal.

(l)    "Email Notice" shall mean a short form of the notice (attached as *Exhibit 1*) that shall be sent by email to Class Members who receive notice by email.

(m)    "Exclusion Letter" shall mean a letter by a Class Member who elects to opt out of this Agreement.

(n)    "Final Approval Hearing Date" shall be the date set by the Court for the hearing on any and all motions for final approval of this Agreement.

(o)    "Final Approval Order" shall mean the Order and Judgment approving this Agreement issued by the Court at or after the Final Approval Hearing Date.

(p)    "Final Report" shall mean the report prepared by the Claims Administrator of all receipts and disbursements from the Settlement Fund, as described in Section 9, below.

(q)    "Long Form Notice" means the form of notice that shall be posted on the settlement website (attached as *Exhibit 2*) created by the Claims Administrator and shall be available to Class Members by mail on request made to the Claims Administrator.

(r)    "Motion for Final Approval" shall mean the motion or motions filed by Class Counsel, as referenced in Section 6, below.

(s)    "Net Settlement Fund" shall mean the net amount of the Settlement Fund after payment of court approved attorneys' fees and costs, the costs of Notice, and any fees paid to the Claims Administrator.

(t)    "Notice" shall mean the notice to Class Members of the settlement provided for under the terms of this Agreement, as ordered by the Court in its Preliminary Approval/Notice

Order (defined below) and shall refer to Email Notice and Postcard Notice attached hereto as Exhibit 1 and the Long Form Notice attached hereto as Exhibit 2.

(u)      "Postcard Notice" shall mean a short form of the notice (attached as *Exhibit 1*) that shall be sent by mail to Class Members who receive notice by mail.

(v)      "Preliminary Approval/Notice Order" shall mean the Order issued by the Court preliminarily approving this Agreement and authorizing the sending of the Notice to Class Members, as provided in Sections 4 and 5, below.

(w)      "Retry NSF Fee(s)" shall mean the fee that Defendant charges on the second or third time (or subsequent times) a third party submits an item in an attempt to collect on a check (including an electronic check) or ACH payment item after the first attempt at payment was rejected because the member's account had an insufficient available balance.

(x)      "Retry NSF Fee Class" shall mean those members of Defendant who were charged Retry NSF Fees between May 14, 2016 and February 29, 2020.

(y)      "Settlement Fund" shall mean the one million five hundred ninety thousand dollars ($1,590,000) common cash fund Defendant is obligated to pay under the terms of this Agreement.

(z)      "Uncollected Overdraft Fees" shall mean APPSN Fees and Retry NSF Fees that were assessed on members of the APPSN Fee Class and the Retry Fee Class but were not paid because they were charged off, which is calculated to be one hundred seventy-five thousand eight hundred and seven dollars ($175,807).

(aa)     "Value of the Settlement" shall mean the Settlement Fund plus the Uncollected Overdraft Fees.

2.      **FORGIVENESS OF UNCOLLECTED OVERDRAFT FEES**. Defendant shall forgive all Uncollected Overdraft Fees as defined in paragraph 1(z).

3.      **CLASS ACTION SETTLEMENT**. Plaintiff shall propose and recommend to the Court that settlement classes be certified, which classes shall be comprised of the Class Members. Defendant agrees solely for purposes of the settlement provided for in this Agreement, and the implementation of such settlement, that this case shall proceed as a class action; provided, however, that if a Final Approval Order is not issued, then Defendant shall retain all rights to object to maintaining this case as a class action. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion relating to certification of a liability class.

4.      **PRELIMINARY SETTLEMENT APPROVAL**. Class Counsel shall use reasonable efforts to promptly file a motion seeking a Preliminary Approval/Notice Order. The Preliminary Approval/Notice Order shall provide for: preliminary approval of this Agreement, provisional certification of each class for settlement purposes, appointment of Class Counsel as counsel to the provisionally certified classes, appointment of the Claims Administrator to administer the settlement as provided for in this Agreement, and the requirement that the Notice

DocuSign Envelope ID: 055C2709-F539-495D-9649-55B5DDC35EEC

be given to the Class Members as provided in Section 5, below (or as otherwise determined by the Court).

**5.    NOTICE TO THE CLASSES.**

(a)    The Claims Administrator shall send the Notice to all Class Members as specified by the Court in the Preliminary Approval/Notice Order.

(b)    For those Class Members who are current members of Defendant and have agreed to receive notices regarding their accounts from Defendant electronically, Defendant shall provide the Claims Administrator with the most recent email addresses it has for these Class Members. The Claims Administrator shall email an Email Notice to each such Class Member's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Claims Administrator shall use the best available databases to obtain current email address information for class members, update its database with these emails, and resend the Email Notice. Further, the Claims Administrator will also send Postcard Notice by United States mail to the last known mailing address of all Class Members who were sent notice by email but the email was returned as undeliverable.

(c)    For those Class Members who are not current members of Defendant, or are current members of Defendant who have not agreed to receive electronic notices regarding their accounts from Defendant, or for Class Members who were sent an Email Notice but such emails were returned undeliverable, the Postcard Notice shall be mailed to these Class Members by first class United States mail to the best available mailing addresses. Defendant shall provide the Claims Administrator with last known mailing addresses for these Class Members. The Claims Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Postcard Notice is returned with forwarding address information, the Claims Administrator shall re-mail the Postcard Notice to the forwarding address. For all mailed Postcard Notices that are returned as undeliverable, the Claims Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Claims Administrator shall re-mail the Postcard Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

(d)    A Long Form Notice shall be posted on a settlement website created by the Claims Administrator.

(e)    The Claims Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. The Claims Administrator shall provide the parties with a weekly report of the Notice. A summary report of the Notice shall be provided to the parties at least five (5) days prior to the deadline to file the Motion for Final Approval. The database maintained by the Claims Administrator regarding the Notice shall be available to the parties and the Court upon request, provided however, that any member contact information shall only be available to Class Counsel upon an order from the Court. The database shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be

DocuSign Envelope ID: 955C2709-F539-4950-9649-55B5DDC35EEC

used only for purposes of implementing the terms of this Agreement, and shall not be used for any other purposes.

(f)     The Notice shall be in a form approved by the Court and, substantially similar to the notice forms attached hereto as Exhibits 1 - 2. The parties may by mutual written consent make non-substantive changes to the Notice without Court approval.

(g)     All costs associated with publishing, mailing and administering the Notice as provided for in this Section, and all costs of administration including, but not limited to, the Claims Administrator's fees and costs, shall be paid out of the Settlement Fund.

6.     **MOTION FOR FINAL APPROVAL**. Within thirty (30) days after the Bar Date to Opt Out, and provided the conditions in Section 16, below, are satisfied, Class Counsel shall file a Motion for Final Approval of this Agreement so that same can be heard on the Final Approval Hearing Date.

7.     **ENTRY OF JUDGMENT**. The Final Approval Order shall constitute the Court's final judgment in this action. The Court shall retain jurisdiction to enforce the terms of the Final Approval Order.

8.     **THE SETTLEMENT FUND AND DISTRIBUTION.**

(a)     <u>Payments to Class Members</u>. Within ten (10) days after entry of the Preliminary Approval/Notice Order, Defendant shall transfer the Settlement Fund to the Claims Administrator, less the total amount that will be credited to Class Members by Defendant, as provided in subsection 8(d)(iv), below. The Settlement Fund shall be the total amount Defendant is obligated to pay under the terms of this Agreement and includes (a) Class Counsel's fees and costs; (b) any service award payment to the Named Plaintiff; (c) costs associated with administering the Notice in accordance with Section 5, above; and (d) any fees paid to the Claims Administrator for services rendered in connection with the administration process. Defendant shall not make any additional or further contributions to the Settlement Fund, even if the total amount of all alleged improper fees charged to the Class Members exceeds the value of the Net Settlement Fund. In the event a Final Approval Order is not issued, or this Agreement is terminated by either party for any reason, including pursuant to Section 16, below, the portion of the Settlement Fund paid to the Claims Administrator (including accrued interest, if any) less expenses actually incurred by the Claims Administrator or due and owing to the Claims Administrator in connection with the settlement provided for herein, shall be refunded to Defendant within two (2) business days.

(b)     All funds held by the Claims Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

(c)     All funds held by the Claims Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

(d)     Payments shall be made from the Settlement Fund as follows:

6

DocuSign Envelope ID: 955C2709-F539-4950-9640-55B5DDC35EEC

(i)    <u>Plaintiffs' Fees and Costs</u>. Plaintiffs' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund ten (10) days after entry of the Final Approval Order. Class Counsel shall apply for an award of attorneys' fees of up to twenty-five percent (25%) of the Value of the Settlement, plus reimbursement of reasonable litigation costs, to be approved by the Court. Defendant agrees not to oppose an application for attorneys' fees of up to twenty-five percent (25%) of the Value of the Settlement, but reserves the right to oppose an application for fees in excess of that amount. Should the judgment approving the settlement be reversed on appeal, Class Counsel shall immediately repay all fees and costs to Defendant; should the award of fees and costs be reduced on appeal, Class Counsel shall immediately repay into the Settlement Fund an amount equal to the reduction ordered by the appellate court.

(ii)    <u>Service Award</u>. Named Plaintiff may apply to the Court for a service award of up to ten thousand dollars ($10,000). Subject to the Court's approval, the service award shall be paid from the Settlement Fund ten (10) days after the Effective Date.

(iii)    <u>Claims Administrator's Fees</u>. The Claims Administrator's fees and costs, including estimated fees and costs to fully implement the terms of this Agreement, as approved by the Court, shall be paid within ten (10) days after the Effective Date.

(iv)    <u>Payments to Class Members</u>. Of the $1,590,000 Settlement Fund, $715,500 (45%) is allocated to the APPSN Fee Class and $874,500 (55%) is allocated to the Retry NSF Fee Class. Based on this allocation, payments from the "Net Settlement Fund" to the Class Members shall be calculated as follows:

(1)    Members of the APPSN Fee Class shall be paid per incurred APPSN Fee calculated as follows:

(0.45 of the Net Settlement Fund/Total APPSN Fees) x Total number of APPSN Fees charged to and paid by each APPSN Fee Class Member = Individual Payment.

(2)    Members of the Retry NSF Fee Class shall be paid per incurred Retry NSF Fee calculated as follows:

(0.55 of the Net Settlement Fund/Total Retry NSF Fees) x Total number of Retry NSF Fees charged to and paid by each Retry NSF Fee Class Member = Individual Payment.

(3)    Payments to individual class members ("Individual Payments") shall be made no later than ten (10) days after the Effective Date, as follows:

For those Class Members who are members of Defendant at the time of the distribution of the Net Settlement Fund, a credit in the amount of the Individual Payment they are entitled to receive shall be applied to the account that was assessed APPSN Fees and/or Retry NSF Fees. If that account is no longer active, then a credit may be made to any

7

checking or savings account they are then maintaining at Defendant that is held by them individually.

(4)     For those Class Members who are not members of Defendant at the time of the distribution of the Net Settlement Fund or at that time do not have an individual account, they shall be sent a check by the Claims Administrator at the address used to provide the Notice, or at such other address as designated by the Class Member. The Class Member shall have one-hundred eighty (180) days to negotiate the check. Any checks uncashed after one-hundred eighty (180) days shall be distributed pursuant to Section 11.

(v)     In no event shall any portion of the Settlement Fund revert to Defendant.

(vi)     The Claims Administrator shall provide the parties with a weekly report setting forth the total payments issued to Class Members by the Claims Administrator and the total amount of any checks uncashed and/or returned.

**9.     FINAL REPORT TO THE COURT**. Within two hundred (200) days after the Effective Date (or such other date set by the Court), Class Counsel shall submit to the Court a Final Report, setting forth: (a) the amounts paid to Class Members by the Claims Administrator, (b) any checks not cashed or returned; (c) the efforts undertaken to follow up on uncashed and/or returned checks; (d) the total amount of money unpaid to Class Members; and (e) the total amount of credits issued to Class Members by Defendant. Defendant shall provide a declaration under penalty of perjury setting forth the amount of the credits issued to Class Members. Class Counsel shall be entitled to verify credits by confidential review of a reasonable sample of Class Member account statements.

**10.     THE CLAIMS ADMINISTRATOR**.

(a)     The Claims Administrator shall execute a retainer agreement that shall provide, among other things, that the Claims Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement. The retainer agreement shall include provisions requiring that all Class Member data shall be strictly confidential and secured by the Claims Administrator by means of data security measures that meet the requirements of 12 CFR § 748, and appendices thereto, and shall not be disclosed other than as provided for under the terms of this Agreement or as ordered by the Court.

(b)     The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c)     The Claims Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein. All data created and/or obtained and maintained by the Claims Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendant's Counsel, or either of them, at their own cost, shall receive a complete copy of the

Claims Administrator's records, together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies. To the extent Class Counsel receives a copy of the class list, it shall be subject to the protective order issued in this case and shall not be used for any purposes other than the implementation of this Agreement.

(d)    The Claims Administrator also shall be responsible for timely and properly filing all tax returns necessary or advisable, if any, with respect to the Settlement Fund. Except as provided herein, Class Members shall be responsible for their own tax reporting of payments or credits received under the terms of this Agreement.

(e)    The Claims Administrator shall provide the data in its claims administration database to Defendant's Counsel and/or Class Counsel in response to any written request, including an email request. The written request shall be copied to the other party when made. Such information shall be used only for purposes of the implementation of this Agreement.

(f)    The Claims Administrator shall provide notice of this Agreement as required under the Class Action Fairness Act (28 U.S.C. § 1715).

(g)    Within one hundred ninety (190) days after the Effective Date or such other date as required by the Court, the Claims Administrator shall prepare a declaration setting forth the total payments issued to Class Members by the Claims Administrator, the total amount of any checks uncashed and/or returned, and the total amount of money being held by the Claims Administrator.

**11.    CY PRES PAYMENT.** Subject to Court approval, within thirty (30) days after the Final Report, the total amount of uncashed checks, and residual amounts held by the Claims Administrator at the time of the Final Report, shall be paid by the Claims Administrator to a Cy Pres fund or funds that is/are appropriate for the case and agreed to by the parties.

**12.    OPT-OUTS.**

(a)    A Class Member who wishes to exclude himself or herself from this Agreement, and from the release of claims and defenses provided for under the terms of this Agreement, shall submit an Exclusion Letter by mail to the Claims Administrator. For an Exclusion Letter to be valid, it must be postmarked on or before the Bar Date to Opt Out. Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Agreement, and shall be signed and dated.

(b)    The Claims Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to Defendant's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval. The Claims Administrator shall retain the originals of all Exclusion Letters (including the envelopes with the postmarks). The Claims Administrator shall make the original Exclusion Letters available to Class Counsel, Defendant's Counsel and/or the Court upon two (2) court days' written notice.

### 13.   **OBJECTIONS.**

(a)   Any Class Member, other than a Class Member who timely submits an Exclusion Letter, may object to this Agreement.

(b)   To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Claims Administrator. The objection must be postmarked on or before the Bar Date to Object, and must include the following information:

(i)   The objector's name, address, telephone number, the last four digits of his or her member number or former member number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

(ii)   A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and

(iii)   A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number.

(c)   Class Counsel shall file any objections and responsive pleadings at least seven (7) days prior to the Final Approval Hearing Date.

### 14.   **GENERAL RELEASE.** Except as to the rights and obligations provided for under the terms of this Agreement, Named Plaintiff, on behalf of herself and each of the Class Members, hereby releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiff and the Class Members who do not opt out now have, own or hold against any of the Defendant Releasees that arise out of and/or relate to the facts and claims alleged in the Amended First Amended Complaint, and any other claims relating to any overdraft and/or nonsufficient funds fees assessed against said Class Members.

### 15.   **WAIVER OF CIVIL CODE SECTION 1542 AS TO THE RELEASES IN THIS AGREEMENT.**

Named Plaintiff, on behalf of herself and each of the Class Members, agrees to waive any rights she may have under Section 1542 of the California Civil Code as to those releases contained in this Agreement, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiff, on behalf of herself and each of the Class Members, acknowledges that she may later discover facts different from, or in addition to, those which she now knows and believes, or should now know and believe, to be true with respect to the releases herein made. Named Plaintiff, on behalf of herself and each of the Class Members, agrees that her releases shall, and will remain, effective notwithstanding the existence, and/or subsequent discovery, of such additional facts.

16.    **CONDITIONS TO SETTLEMENT.**

(a)    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

(i)    The Court has entered the Preliminary Approval/Notice Order, as required by Section 4 above;

(ii)    The Court has entered the Final Approval Order as required by Sections 6 and 7 above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

(iii)    The Effective Date has occurred.

(b)    If all of the conditions specified in Section 16(a) are not met, then this Agreement shall be cancelled and terminated.

(c)    Defendant shall have the option to terminate this Agreement if five percent (5%) or more of the Class Members opt out. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Section 16 within ten (10) business days after the Bar Date to Opt Out, or the option to terminate shall be considered waived.

(d)    In the event this Agreement is terminated, pursuant to Section 16(c) immediately above, or fails to become effective in accordance with Sections 16(a) and/or (b) immediately above, then the parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

17.    **REPRESENTATIONS.**

(a)    The parties to this Agreement represent that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with

DocuSign Envelope ID: 855C2760-F539-4858-9640-55B5DDC35EEC

and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

(b)     The parties have not relied on any representations, promises, or agreements other than those expressly set forth in this Agreement.

(c)     The Named Plaintiff, on behalf of the Class Members, represents that she has made such inquiry into the terms and conditions of this Agreement as she deems appropriate, and that by executing this Agreement, she, based on Class Counsel's advice, and her understanding of the case, believes the Agreement and all the terms and conditions set forth herein, are fair and reasonable to all Class Members.

(d)     The Named Plaintiff represents that she has no knowledge of conflicts or other personal interests that would in any way impact her representation of the class in connection with the execution of this Agreement.

(e)     Defendant represents and warrants that it has obtained all corporate authority necessary to execute this Agreement.

18.     **FURTHER ASSURANCES**. Each of the parties hereto agrees to execute and deliver all such further documents consistent with this Agreement, and to take all such further actions consistent with this Agreement, as may be required in order to carry the provisions of this Agreement into effect, subject to Class Counsel's obligation to protect the interests of the Class Members.

19.     **APPLICABLE LAW**. This Agreement shall be governed by and interpreted, construed, and enforced pursuant to the laws of the State of California.

20.     **NO ORAL WAIVER OR MODIFICATION**. No waiver or modification of any provision of this Agreement or of any breach thereof shall constitute a waiver or modification of any other provision or breach, whether or not similar. Nor shall any actual waiver or modification constitute a continuing waiver. No waiver or modification shall be binding unless executed in writing by the party making the waiver or modification.

21.     **ENTIRE AGREEMENT**. This Agreement, including the exhibit attached hereto, constitutes the entire agreement made by and between the parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the parties hereto or their representatives pertaining to the subject matter hereof. No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

22.     **BINDING ON SUCCESSORS**. This Agreement shall inure to the benefit of, and shall bind, each of the parties hereto and their successors.

23.     **SEVERABILITY**. In the event any one or more of the provisions of this Agreement is determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby.

**24.    COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement. Facsimile and pdf signature pages shall have the same force and effect as original signatures.

**25.    NOTIFICATION.** Any notice to be given to Class Counsel and/or Named Plaintiff shall be sent by email as follows:

KALIEL PLLC
Jeffrey Kaliel, Esq.
Sophia Gold, Esq.
1875 Connecticut Ave. NW
10th Floor
Washington, DC 20009
Email: jkaliel@kalielpllc.com

THE KICK LAW FIRM, APC
Taras Kick, Esq.
Jeffrey C. Bils, Esq.
815 Moraga Drive
Los Angeles, CA 90049
Email: Taras@kicklawfirm.com

WILENTZ, GOLDMAN & SPITZER, P.A.
Kevin P. Roddy, Esq.
90 Woodbridge Center Drive
Suite 900
Woodbridge, NJ 07095
Email: kroddy@wilentz.com

Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Stuart M. Richter, Esq.
Andrew J. Demko, Esq.
Camille A. Brooks, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: (310) 788-4400
stuart.richter@katten.com
andrew.demko@katten.com
camille.brooks@katten.com

Any notice to the Claims Administrator shall be sent by email to the address of the claims administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the parties have entered this Agreement as of the dates set forth below.

Dated: May 20 2021

American Airlines Federal Credit Union, a federally chartered credit union

By: *Faith L. Anderson*

Its: SVP & GENERAL COUNSEL

Dated: May __, 2021

Sylvia Varga, an individual on behalf of herself and those she represents

By:_____
         Sylvia Varga

**APPROVED AS TO FORM:**

Dated: May 31, 2021

KATTEN MUCHIN ROSENMAN LLP
Stuart M. Richter
Andrew J. Demko
Camille A. Brooks

By:_____
      Stuart M. Richter
Attorneys for Defendant American Airlines Federal Credit
Union


Dated: May _____, 2021

KALIEL PLLC
Jeffrey Kaliel
Sophia Gold

THE KICK LAW FIRM
Taras Kick
Jeffrey Bils

WILENTZ, GOLDMAN & SPITZER, P.A.
Kevin P. Roddy


By:_____
      Jeffrey Kaliel
Attorneys for Named Plaintiff Sylvia Varga

15

Any notice to the Claims Administrator shall be sent by email to the address of the claims administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the parties have entered this Agreement as of the dates set forth below.

Dated: May __, 2021          American Airlines Federal Credit Union, a federally chartered credit union

By:_____

Its:_____

Dated: May __, 2021          Sylvia Varga, an individual on behalf of herself and those she represents

DocuSigned by:

*Sylvia Varga*

9C7A75DA28E24B1...

By:_____

Sylvia Varga

**APPROVED AS TO FORM:**

Dated: May____, 2021        KATTEN MUCHIN ROSENMAN LLP
                                    Stuart M. Richter
                                    Andrew J. Demko
                                    Camille A. Brooks


                                    By:_____
                                           Stuart M. Richter
                                    Attorneys for Defendant American Airlines Federal Credit Union

Dated: May 6/29/2021____, 2021      KALIEL PLLC
                                      Jeffrey Kaliel
                                      Sophia Gold

                                    THE KICK LAW FIRM
                                    Taras Kick
                                    Jeffrey Bils

                                    WILENTZ, GOLDMAN & SPITZER, P.A.
                                    Kevin P. Roddy

                                    DocuSigned by:
                                    *Taras Kick*
                          By:_____6DE4B0748566483_____
                                    Jeffrey Kaliel
                                    Attorneys for Named Plaintiff Sylvia Varga

# Exhibit 1 – Email and Postcard Notice

## Sylvia Varga v. American Airlines Federal Credit Union

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**
**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH AMERICAN AIRLINES FEDERAL CREDIT UNION AND YOU WERE CHARGED CERTAIN OVERDRAFT FEES BETWEEN MAY 14, 2016 AND OCTOBER 8, 2020, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

Para una notificacion en Espanol, visitar www.XXXXXXXXXXXXXXXXXXX.com.

The United States District Court for the Central District of California has authorized this Notice; it is not a solicitation from a lawyer.

You may be a Class Member in *Sylvia Varga v. American Airlines Federal Credit Union*, in which the plaintiff alleges that defendant American Airlines Federal Credit Union ("Defendant") improperly assessed certain overdraft fees between May 14, 2016 and October 8, 2020. If you are a Class Member and if the settlement is approved, you may be entitled to receive a cash payment from the $1,590,000.00 Settlement Fund and/or the forgiveness of certain overdraft fees that were assessed but have not yet been collected, in the total amount of $175,807.

The Court has preliminarily approved this settlement. It will hold a Final Approval Hearing in this case on [INSERT DATE]. At that hearing, the Court will consider whether to grant final approval to the settlement, and whether to approve payment from the Settlement Fund of up to $15,000 for a service award to the class representative, up to 25% of the Value of the Settlement as attorneys' fees, and reimbursement of costs to the attorneys and the Claims Administrator. If the Court grants the Final Approval Order and you do not request to be excluded from the settlement, you will release your right to bring any claim covered by the settlement. In exchange, Defendant has agreed to issue a credit to your account, a cash payment to you if you are no longer a member, and/or to forgive certain overdraft fees.

**To obtain a more detailed explanation of the settlement terms and other important documents please visit [INSERT WEBSITE ADDRESS]. Alternatively, you may call [INSERT PHONE #].**

**If the Final Approval Hearing is held by Zoom or by other remote means, information on how to access the hearing can be found on [INSERT WEBSITE ADDRESS] or http://www.cacd.uscourts.gov/honorable-dale-s-fischer.**

*If you do not want to participate in this settlement—you do not want to receive a credit or cash payment and/or the forgiveness of uncollected overdraft fees and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting an opt-out request postmarked no later than [PARTIES TO INSERT DATE]. If you want to object to this settlement because you think it is not fair, adequate, or reasonable, you may object by submitting an objection postmarked no later than [PARTIES TO INSERT DATE]. You may learn more about the opt-out and objection procedures by visiting [PARTIES TO PROVIDE WEBSITE ADDRESS] or by calling [Insert Phone #].*

# Exhibit 2 – Long Form Notice

## Sylvia Varga v. American Airlines Federal Credit Union

### NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT

**<span style="color:red">READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!</span>**

### IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH AMERICAN AIRLINES FEDERAL CREDIT UNION ("DEFENDANT") AND YOU WERE CHARGED CERTAIN OVERDRAFT FEES BETWEEN MAY 14, 2016 AND OCTOBER 8, 2020, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT

The United States District Court for the Central District of California has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund so long as you do not opt out of or exclude yourself from the settlement (described in the next box). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Defendant but you will not receive a payment for relevant fees and/or forgiveness of Uncollected Overdraft Fees. If you exclude yourself from the settlement but want to recover against Defendant, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, then you may receive a payment and/or forgiveness of Uncollected Overdraft Fees and you will not be able to sue Defendant for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – *and the deadlines to exercise them* – along with the material terms of the settlement are explained in this Notice.

17

## BASIC INFORMATION

| 1. | What is this lawsuit about? |
|---|---|

The lawsuit that is being settled is entitled *Sylvia Varga v. American Airlines Federal Credit Union*. It is pending in the United States District Court for the Central District of California, Case No. 2:20-cv-04380-DSF-KS. The case is a "class action." That means that the "Class Representative," Sylvia Varga, is an individual who is acting on behalf of current and former members who were purportedly improperly assessed APPSN Fees between May 14, 2016 and October 8, 2020 and Retry NSF Fees between May 14, 2016 and February 29, 2020. The Class Representative has asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and money had and received.

Defendant does not deny it charged the fees the Class Representative is complaining about, but contends it did so properly and in accordance with the terms of its agreements and applicable law. Defendant therefore denies that its practices give rise to claims for damages by the Class Representative or any Class Members.

| 2. | Why did I receive this Notice of this lawsuit? |
|---|---|

You received this Notice because Defendant's records indicate that you were charged one or more overdraft fees or NSF fees that are the subject of this action. The Court directed that this Notice be sent to all Class Members because each such member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| 3. | Why did the parties settle? |
|---|---|

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Class Representative's and her lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, the Class Representative's lawyers, known as Class Counsel, make this recommendation to the Class Representative. The Class Representative has the duty to act in the best interests of the class as a whole and, in this case, it is her belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Class Members.

There is legal uncertainty about whether a judge or a jury will find that Defendant was contractually and otherwise legally obligated not to assess the fees at issue. And even if it was contractually wrong to assess these fees, there is uncertainty about whether the Class Representative's claims are subject to other defenses that might result in no or less recovery to Class Members. Even if the Class Representative were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement amount and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

While Defendant disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the settlement solely to avoid the expense, inconvenience, and distraction of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| 4. How do I know if I am part of the Settlement? |
|---|

If you received this notice, then Defendant's records indicate that you are a Class Member who is entitled to receive a payment or credit to your account.

## YOUR OPTIONS

| 5. What options do I have with respect to the Settlement? |
|---|

You have three options: (1) do nothing and you will receive a payment according to the terms of this settlement; (2) exclude yourself from the settlement ("opt out" of it); or (3) participate in the settlement but object to it. Each of these options is described in a separate section below.

| 6. What are the critical deadlines? |
|---|

There is no deadline to receive a payment. If you do nothing, then you will get a payment.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is _____.

The deadline to file an objection with the Court is also _____.

| 7. How do I decide which option to choose? |
|---|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement may not be approved and no payments will be made to you or any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you may still get a payment and/or forgiveness of Uncollected Overdraft Fees, and will be bound by the settlement.

If you want to participate in the settlement, then you don't have to do anything; you will receive a payment if the settlement is approved by the Court.

| 8. What has to happen for the Settlement to be approved? |
|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide Preliminary Approval of the Settlement, which is why you received a Notice. The Court will make a final decision regarding the Settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

## THE SETTLEMENT PAYMENT

| 9. | How much is the Settlement? |
|---|---|

Defendant has agreed to create a Settlement Fund of $1,590,000.00. It will also forgive Uncollected Overdraft Fees totaling $175,807, as defined in the Agreement.

As discussed separately below, attorneys' fees, litigation costs, and the costs paid to a third-party Claims Administrator to administer the settlement (including mailing and emailing Notice) will be paid out of the Settlement Fund. The Net Settlement Fund will be divided among all Class Members entitled to Class Member payments based on formulas described in the Agreement.

| 10. | How much of the Settlement Fund will be used to pay for attorney fees and costs? |
|---|---|

Class Counsel will request the Court to approve attorneys' fees of not more than 25% of the Value of the Settlement, and will request that it be reimbursed for litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the case on a contingency basis, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| 11. | How much of the Settlement Fund will be used to pay the Class Representative a Service Award? |
|---|---|

Class Counsel will request that the Class Representative be paid a Service Award in the amount of $15,000 for her work in connection with this case. The Service Award must be approved by the Court.

| 12. | How much will my payment be? |
|---|---|

The balance of the Settlement Fund after attorneys' fees and costs, the Service Award, and the Claims Administrator's fees, also known as the Net Settlement Fund, will be divided among all Class Members entitled to Class Member payments in accordance with the formulas outlined in the Agreement. Current members of Defendant will receive a credit to their accounts for the amount they are entitled to receive. Former members of Defendant shall receive a check from the Claims Administrator. Class Members entitled to forgiveness of Uncollected Overdraft Fees shall receive this benefit automatically.

| 13. | Do I have to do anything if I want to participate in the Settlement? |
|---|---|

No. If you received this Notice, then you may be entitled to receive a Class Member payment and/or forgiveness of Uncollected Overdraft Fees without having to make a claim, unless you choose to exclude yourself from the settlement, or "opt out."

| 14. | When will I receive my payment? |

The Court will hold a Final Approval Hearing on _____, at _____ to consider whether the settlement should be approved. If the Court approves the settlement, then payments should be made or credits should be issued within 10 days of the Effective Date. However, if someone objects to the settlement, and the objection is sustained, then there is no settlement. Even if all objections are overruled and the Court approves the settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 15. | How do I exclude myself from the Settlement? |

If you do not want to receive a payment or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Claims Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Sylvia Varga v. American Airlines Federal Credit Union* class action." Be sure to include your name, the last four digits of your member number(s) or former member number(s), address, telephone number, and email address. Your exclusion or opt out request must be postmarked by _____, and sent to:

Sylvia Varga v. American Airlines Federal Credit Union
Attn:
ADDRESS OF THE CLAIMS ADMINISTRATOR

| 16. | What happens if I opt out of the Settlement? |

If you opt out of the settlement, you will preserve and not give up any of your rights to sue Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from the settlement.

## OBJECTING TO THE SETTLEMENT

| 17. | How do I notify the Court that I do not like the Settlement? |

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt-out, from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you **must** send a written document by mail or private courier (e.g., Federal Express) to the Claims Administrator at the address below. Your objection must include the following information:

- A statement of your intention to object to the settlement in the *Sylvia Varga v. American Airlines Federal Credit Union* class action;

DocuSign Envelope ID: 865C2760-F539-4058-8640-E5B5DDC35EEC

- Your name, address, telephone number, the last four digits of your member number or former member number, and the contact information for any attorney you have retained in connection with this case;

- A statement of the factual and legal basis for each objection and any exhibits you wish the Court to consider in connection with the objection;

- A statement as to whether you intend to appear at the Final Approval Hearing, either in person or through an attorney, and, if through an attorney, identifying the attorney by name, address, and telephone number; and

- Your signature.

All objections must be post-marked <u>no later</u> than `_____`, and must be mailed to the Claims Administrator as follows:

| CLAIMS ADMINSTRATOR |
| --- |
| Sylvia Varga v. American Airlines Federal Credit Union Claims Administrator Attn: ADDRESS OF THE CLAIMS ADMINISTRATOR |

| **18.** | **What is the difference between objecting and requesting exclusion from the Settlement?** |
| --- | --- |

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the Class Members, and asking the Court to reject it. You can object only if you do not opt out of the settlement. If you object to the settlement and do not opt out, then you are entitled to a Class Member payment and/or forgiveness of Uncollected Overdraft Fees if the settlement is approved, but you will release claims you might have against Defendant. Excluding yourself or opting-out is telling the Court that you do not want to be part of the settlement, and do not want to receive a Class Member payment or forgiveness of Uncollected Overdraft Fees, or release claims you might have against Defendant for the claims alleged in this lawsuit.

| **19.** | **What happens if I object to the Settlement?** |
| --- | --- |

If the Court sustains your objection, or the objection of any other Class Member, then there is no settlement. If you object, but the Court overrules your objection and any other objection(s), then

DocuSign Envelope ID: 865C2760-F539-4958-8640-55B5DDC35EEC

you will be part of the settlement.

## THE COURT'S FINAL APPROVAL HEARING

| 20. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval or Fairness Hearing at ___ on _____, 2021 at the United States District Court for the Central District of California, which is located at 350 West 1st Street, Los Angeles, California 90012-4565. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and litigation costs and the amount of the Service Award to the Class Representative. The hearing may be virtual, in which case the instructions to participate shall be posted on the website at www. _____ and/or http://www.cacd.uscourts.gov/honorable-dale-s-fischer.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| 22. | May I speak at the hearing? |
|---|---|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 18, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## THE LAWYERS REPRESENTING YOU

| 23. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| 24. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| 25. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Final Approval Hearing. Class Counsel will file an application for attorneys' fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Claims Administrator.

## GETTING MORE INFORMATION

This Notice only summarizes the proposed Settlement. More details are contained in the Settlement Agreement, which can be viewed/obtained online at [WEBSITE].

For additional information about the settlement and/or to obtain copies of the Settlement
Agreement, or to change your address for purposes of receiving a payment, you should contact the
Claims Administrator as follows:

Sylvia Varga v. American Airlines Federal Credit Union
Claims Administrator
Attn:
ADDRESS OF THE CLAIMS ADMINISTRATOR

For more information, you also can contact the Class Counsel as follows:

KALIEL PLLC
Jeffrey Kaliel, Esq.
Sophia Gold, Esq.
1875 Connecticut Ave. NW
10th Floor
Washington, DC 20009
Email: jkaliel@kalielpllc.com

THE KICK LAW FIRM, APC
Taras Kick, Esq.
Jeffrey C. Bils, Esq.
815 Moraga Drive
Los Angeles, CA 90049
Email: Taras@kicklawfirm.com

WILENTZ, GOLDMAN & SPITZER, P.A.
Kevin P. Roddy, Esq.
90 Woodbridge Center Drive
Suite 900
Woodbridge, NJ 07095
Email: kroddy@wilentz.com

*PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF*
*DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.*