**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIA VARGA, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES FEDERAL CREDIT UNION, and DOES 1-100,<br><br>Defendants. | CV 20-4380 DSF (KSx)<br><br>**ORDER ON MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT** |

This Court granted preliminary approval of the Settlement Agreement and Release (Settlement) and certified a provisional settlement class. Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement and all papers filed, and having reviewed the record in this litigation, and good cause appearing,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Unless otherwise provided, all terms used in this Order shall have the same meaning as provided in the Settlement.

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3. The Court finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Class Representative Sylvia Varga are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement, Varga and her counsel have fairly and adequately protected the interests of the Settlement Class, and that a class action is superior to other methods available for adjudicating the controversy.

4. The Court finds that the Settlement Class meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. For settlement purposes, the Court now finally certifies the Settlement Class, which is composed of the following classes:

> The "Retry NSF Fee Class," which is defined as "those members of Defendant who were charged Retry NSF Fees between May 14, 2016 and February 29, 2020." "Retry NSF Fee(s)" is defined as "the fee that Defendant charges on the second or third time (or subsequent times) a third party submits an item in an attempt to collect on a check (including an electronic check) or ACH payment item after the first attempt at payment was rejected because the member's account had an insufficient available balance."

The "APPSN Fee Class," which is defined as "those members of Defendant who were charged APPSN Fees between May 14, 2016 and October 8, 2020." "APPSN Fee(s)" is defined as "the fee(s) that Defendant charges on certain Point of Sale debit card transactions where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance at the time the transaction was presented to Defendant for payment and posted to a member's account."

5. The Court appoints KCC Class Action Services, LLC as the Claims Administrator under the terms of the Settlement. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund, but in no event may they exceed $53,500. The Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement and shall comply with the terms of the Settlement.

6. The Court appoints Sylvia Varga as the Class Representative of the Settlement Class.

7. The Court further finds that counsel for the Settlement Class, Taras Kick of The Kick Law Firm, APC, and Jeffrey Kaliel of Kaliel Gold PLLC, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are approved as Class Counsel.

8. The Court finds that the distribution of the notice of the Settlement has been completed in conformity with the Court's preliminary approval order. The Court finds that the notice was the best practicable under the circumstances and provided due and adequate notice of the proceedings and of the terms of the Settlement. The Court finds that the notice fully satisfied the requirements of due process. The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

9. The Court finds, as set forth in the Supplemental Declaration of Claims Administrator re: Notice of Procedures, by Alex Thomas, dated November

1  29, 2021, no objections to the settlement have been filed by members of the Class
2  and no members of the Class requested exclusion from the class.

3      10.    The Court grants final approval of the terms set forth in the Settlement
4  and finds that the Settlement is in all respects, fair, adequate, and reasonable, and
5  directs the parties to effectuate the Settlement according to its terms and as
6  described in this Order. The Court finds that the Settlement has been reached as a
7  result of informed and non-collusive arm's-length negotiations. The Court further
8  finds that the parties have conducted investigation and research, and their attorneys
9  were able to reasonably evaluate their respective positions.

10      11.    The Court finds that settlement now will avoid additional and
11  potentially substantial litigation costs, as well as delay and risks. The amount
12  offered in settlement is reasonable in light of the expense, complexity, risk, and
13  likely duration of further litigation.

14      12.    The Settlement is not an admission by Defendant American Airlines
15  Federal Credit Union, nor is this Order a finding of the validity of any allegations or
16  of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any
17  document referred to, nor any action taken to carry out the Settlement, may be
18  construed as, or may be used as, an admission of any fault, wrongdoing, omission,
19  concession, or liability whatsoever by or against Defendant.

20      13.    The Court finds attorneys' fees of $434,858.56 to be reasonable as a
21  percentage of the Settlement (25%).[1] [2] The Court finds this amount is reasonable
22  and therefore awards fees in 90% of this amount to be paid to Class Counsel from
23  the Settlement Fund by the deadline specified in the Settlement. The Settlement
24  Administrator shall withhold 10% of the attorneys' fees until further order of this
25  Court. When Class Counsel provides a declaration stating that all other terms of

---

[1] The Court has deducted the amount of costs awarded to Class Counsel from the total recovery before calculating the percentage fee award.

[2] Because the Court approves of the 25% approach, the Court need not, and has not, approved either the stated hours or the suggested hourly rate as reasonable, and Class Counsel shall not represent to any court that it has done so.

the Settlement have been implemented, as well as a proposed order releasing the remainder of the fees award, the Court will issue an order releasing the remainder of the funds.

14. The Court finds that the request for reimbursement of litigation costs in the amount of $26,372.75 is reasonable based on the work necessary to achieve this class settlement and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement.

15. The Court finds that Varga provided some assistance in the prosecution and litigation of the case, including assisting Class Counsel, responding to formal discovery, and communicating throughout the case. The Court is extremely troubled, however, by Varga's insistence on applying for a $15,000 service award rather than the $10,000 award that was part of the mediator's proposal agreed to by the parties and the Settlement Agreement Varga signed on behalf of the class.[3] This conduct by a class representative is unique in the Court's experience. Nevertheless, Defendant's objection is moot, as the Court would not have awarded as much as $10,000 to Varga, even before it learned of her request for a larger award than agreed. Unlike most class representatives, Varga's limited amount of work on this case did not cause her to take time away from her employment as she was furloughed due to the pandemic. In addition, she estimates the time spent on this matter was at least 30 hours – no more than most representatives in cases before this Court and less than many. Unlike numerous other representatives, she did not provide documents, was not deposed and did not attend the mediations. She indicates that she recently tried to open a new account with the American Airlines Federal Credit Union but was told she needed to have her attorney speak with AAFCU. There is no indication that her counsel has taken any action in this regard. Defendant explains that this relates to the loss suffered by

---

[3] The Court previously expressed its concern about this issue at the hearing on the motion for preliminary approval.

AAFCU because it had to charge off her negative account balance. She does speculate that – if she ever wants to apply for financing – the rate would be substantially higher than the rate than would then be offered by AAFCU. But the interest rate for any future loan would likely be impacted by her credit history in any event. The Court agrees that this speculative circumstance should not affect her service award. The Court therefore awards a service award in the amount of $1,500 to be paid to Varga from the Settlement Fund by the deadline specified in the Settlement.[4]

16. The Parties will file a Final Report with this Court documenting the disbursement of the settlement within 30 days of the checks sent to Class Members having gone stale. Within 30 days after filing the Final Report with this Court, the total amount of uncashed checks, and residual amounts held by the Claims Administrator at the time of the Final Report, shall be paid by the Claims Administrator to the National Consumer Law Center.

17. The Court retains jurisdiction over the Parties, Class Counsel, and the case to enforce the Settlement and the terms of this Order.

IT IS SO ORDERED.

DATED: January 14, 2022

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Chi v. University of Southern California, CV 18-4258 SVW (GJSx) bears no resemblance whatever to this case and the circumstances of the Chi representatives and the services they performed on behalf of class members in that case make the services provided by Varga pale in comparison. The Court is no more persuaded by Varga's other references.